### Augustus C. Baldwin v. Don C. Buckland and others.

A fraudulent intent in making an assignment for the benefit of creditors must be proved by such evidence as is required to establish any other fact. This may be by the acts and declarations of the assignor, his circumstances and situation, the terms or provisions of the instrument, or by any and all means of evidence which convince the mind of the existence of the thing sought.

If the assignor believes himself solvent, and being pressed by creditors avows his intention to assign for the purpose of getting time, these are strong evidences of fraud, but subject to explanation.

That the assignee is a relative of the assignor, and resides in another town, and that he employs the assignor as his agent in managing the business under the assignment, are not conclusive evidence of fraud in making the assignment.

The subsequent acts and declarations of the parties to a transaction may be resorted to for the purpose of showing its fraudulent character; but the subsequent fraudulent acts of the assignor, unknown to the assignee, can not change the character of the assignee's title, or make that fraudulent which was originally honest.

*Heard May 5th and 6th. Decided May 30th.*

Appeal in Chancery from Oakland Circuit.

The original bill was filed by Baldwin, to quiet his title to certain real estate which he had purchased of Albert F. Draper, who claimed the same under a general assignment made to him in October, 1857, by James A. Weeks, for the benefit of his creditors. The defendants, being execution creditors of Weeks, and claiming this assignment to be fraudulent in fact, had caused the same lands to be sold on execution, and now claimed them adversely to Baldwin. Cross bills were filed by the defendants to have Baldwin's title declared invalid, and their own established.

The case turned mainly upon questions of fact. Draper was a brother-in-law of Weeks, and resided in Detroit,

while the latter resided in Pontiac, and was left in possession as the agent of Draper under the assignment. It was claimed on behalf of defendants that the evidence showed that Weeks believed himself to be solvent at the time of making the assignment, and only made it to gain time to convert his assets : that it was made to a relative residing away from his place of business, who could not attend to it, in order to create the necessity for the appointment of the debtor to keep the property in his own hands and subject to his disposal : that in fact there was no change of possession, and Weeks continued to manage the property as his own, and to use the money and assets at his own discretion, without the control or supervision of the assignee.

The Circuit Court in Chancery made decree as prayed by the original bill, and dismissed the cross bills ; and the defendants to the original bill appealed.

*Baldwin & Draper* and *C. I. Walker*, for complainant.

*M. L. Drake*, for defendants :

It is a fraud upon creditors for a debtor who believes himself to be solvent, to make an assignment in order to get time to convert his assets. *Van Ness v. Yoe*, 1 *Sandf. Ch.* 4; *Kellogg v. Slawson*, 15 *Barb.* 56.

It was fraudulent to make an assignment to a relative residing at a distance, and who could not attend to the business, in order to create the necessity for the appointment of the debtor to keep the property in his own hands, and at his own disposal : — *Cram v. Mitchell*, 1 *Sandf. Ch.* 251 ; *Reed v. Emery*, 8 *Paige*, 417 ; *Currie v. Hart*, 2 *Sand. Ch.* 353.

The want of change of possession, and leaving the property in the hands of the assignor to control and dispose of as his own, rendered the assignment fraudulent and void. 1 *Sandf. Ch.* 348; *Ibid.* 83 ; 4 *Edw. Ch.* 221 ; 1 *Hoff.* 511; 7 *Paige*, 163 ; 1 *Barb.* 210 ; 4 *Mich.* 73·

Presumptive evidence of the intent with which the assignment was made, may be drawn from the management of the property after the assignment. *Currie v. Hart*, 2 *Sandf. Ch.* 353. The surrender of the property must be direct and unconditional. *Grover v. Wakeman*, 11 *Wend.* 187; *Goodrich v. Downs*, 6 *Hill*, 438; *Litchfield v. White*, 3 *Seld.* 438.

MARTIN CH. J.:

The rights of the respective parties in this case depend upon the fact of the fraud or good faith of Weeks, through whom all claim, in making the assignment to Draper. If the assignment was made in good faith the bill of the complainant Baldwin must be sustained: if otherwise, it must be dismissed, and the title of the defendants sustained and established. Fraud is a question of fact, to be made out like any other fact. The fraudulent intent of the assignor must be proved by such evidence as is required to establish any other fact. This may be by the acts and declarations of the party, his circumstances and situation, the terms or provisions of the instrument, or by any and all means of evidence which convince the mind of the existence of the thing sought.

We have examined this case with much care, and are satisfied that the assignment of Weeks was made in good faith and with an honest intent. The evidences relied upon to establish its fraudulent character, are: *First*, that Weeks, when he made the assignment, thought himself to be solvent, and only wanted time to convert his assets into money that he might pay his creditors. That he was not solvent is very evident, and it is difficult to believe that he could have thought he was. It is true that he said his property, if sold at the estimated value he placed upon it, would pay his debts; but this was a remark very natural to be made in those times of panic and ruin, by any one; and is proof of his opinion of what his condi-

tion should be, rather than of what it was. If Weeks actually believed himself to be solvent, and being pressed by creditors, had avowed his intention to assign for the purpose of getting time, these would be strong evidences of fraud, and, in most cases, perhaps, require the fact of fraud to be found by the Court or jury; but either or all of these facts may be explained, and the explanation may repel the inference which should otherwise be drawn. We think that in the present case we cannot draw any inference of fraud from this evidence.

*Second*, That Draper, the assignee, was a relative, and resident of Detroit, so as to make it necessary to appoint Weeks himself an agent to keep and dispose of the property, and manage the business. No shadow is cast upon the integrity or capacity of Mr. Draper, while the character of the assignor's business, and his relations to the community, were such as to make it eminently proper that he should be employed in the winding up of his own affairs. Mr. Draper resided some twenty-five miles from Pontiac, and was accessible by railroad and telegraph; and I should be extremely reluctant to establish the rule that such a fact is conclusive evidence of fraud. We think this circumstance proves nothing in this case.

The management of the estate by Draper, so far as he controlled it, and of Weeks under him, which is urged as a *third* reason for holding the assignment fraudulent, appears, so far as we can see, to have been honest and judicious, and furnishes no ground for finding, or even suspecting, that the assignment was made to protect the property from creditors, for the use and enjoyment of Weeks.

It is claimed that Weeks appropriated money and property to his own use instead of applying them to the purposes of the assignment; and it is insisted that this is evidence of the fraudulent character of the assignment. If it were made clearly to appear that Weeks had disposed

of money and property in the manner charged, with the knowledge and consent of Draper, it would be very strong if not conclusive proof of fraud in making the assignment. But if the acts of Weeks were committed as charged, and were unknown to Draper, they cannot change the character of his title, nor make that fraudulent which was originally honest. The subsequent acts and declarations of the parties may be resorted to for the purpose of showing the nature of a particular transaction; but they must have been done or made under such circumstances as would bind both parties, and not be *ex parte.*

In short, while we cannot enter upon a minute examination of the evidence, nor consider all the reasons suggested against the good faith of the assignment, we find that there is no sufficient evidence of fraudulent intent on the part of the actors to justify us in holding the assignment void. In truth, we see no dishonesty at all in the transaction; but consider Weeks — as most if not all his creditors did — as honest in the transaction.

The decree is affirmed.

MANNING and CAMPBELL J J. concurred.

CHRISTIANCY, J. concurred in the result.