ISADOR FRANKEL v. WALTER H. COOTS.

*Assignments—Evidence to show fraud—Trover by assignee—Pleading seizure under levy.*

41 75
66 494

41 75
94 255

41 75
109 398

41 75
119 450

The rule allowing great latitude of inquiry into the good faith of assignments should not be so broad as to admit evidence of subsequent acts of the assignor designed to give the assignment a fraudulent appearance.

In trover by an assignee against the sheriff for levying on the assigned property, the defendant sought to show that the assignment was fraudulent, and introduced evidence of a conversation between a third person and the assignor at the latter's store and in the assignee's absence, wherein the assignor produced the books and a list of accounts which he said had been assigned to certain persons. Defendant also introduced the journal and ledger to show that no indebtedness to these persons appeared on them. *Held* that if the assignor was permitted to remain in possession, his statements made in the assignee's absence were admissible; *also* that the books could be introduced for the purpose indicated, and to show the settlement of accounts by note, and the transfer of the notes, in connection with the assignee's testimony that they did not come into his possession.

A charge must be considered as a whole, and if it can be sustained, error will not lie for single sentences in it taken by themselves.

In trover by an assignee, the defense that the property was seized on process in favor of the assignor's creditors, is not covered by the general issue, but must be set forth by notice attached to the plea. But the objection must be taken in the trial court or it will be considered waived.

Error to Superior Court of Detroit. Submitted April 24. Decided June 4.

TROVER by Frankel against sheriff Coots for seizing goods assigned to the plaintiff by Benjamin Schlos . Defendant pleaded the general issue and produced as witness Charles L. Freeman, an attorney, who testified that having a claim in his hands against Schloss, he went to the latter's store after the assignment and found there Schloss and the clerk, but not the assignee; that he asked Schloss for the books and Schloss produced

and showed them to him; that he asked Schloss about the accounts that had been assigned, and Schloss produced a list of assigned accounts, or the original assignments, and stated that they had been assigned (witness thinks) to Schloss Brothers of New York. Plaintiff moved to strike out this testimony as incompetent and irrelevant and the court denied the motion. Defendant also put the ledger and journal in evidence against objection. Defendant had judgment and plaintiff brings error.

*Charles Flowers* and *Herbert L. Baker* for plaintiff in error. Admissions by the assignor after assignment are not admissible in evidence as against the assignee, *Peck v. Crouse*, 46 Barb., 151; *Weinrich v. Pórter*, 47 Mo., 293; *Jones v. M. E. Church*, 21 Barb., 161; *Cuyler v. McCartney*, 33 Barb., 165; 1 Greenl. Ev., § 180; in trover for levying on goods in the hands of an assignee, evidence that the assignment was fraudulent is inadmissible if notice of judgment and execution was not given with the plea of the general issue, *Pierson v. Manning*, 2 Mich., 445; *Gay v. Bidwell*, 7 Mich., 519; *Bagg v. Jerome*, id., 145; *Oliver v. Eaton*, id., 108; *Comstock v. Hollon*, 2 Mich., 355; Comp. L., § 4716.

*Atkinson & Atkinson* and *Meddaugh & Driggs* for defendant in error. Acts and declarations of an assignor sometimes bind the assignee. *Adams v. Davidson*, 10 N. Y., 309; *Willies v. Farley*, 3 C. & P., 395; *Babb v. Celmson*, 10 S. & R., 419; if an assignee leaves his assignor in charge of the property, he makes the assignor his agent and is bound by whatever he does lawfully, Whart. Ev., 1173–77.

MARSTON, J. The questions raised in this case grow out of an assignment made by Benjamin Schloss to plaintiff in error, and which was attacked by Schloss' creditors as being fraudulent. The assignment bore date February 1, 1877, and the assignee claimed to have at once taken possession of the property.

*First.* The first error assigned relates to the admission of Freeman's testimony as to his conversation with the assignor some six weeks after the date of the assignment. This was objected to, unless it appeared the assignee was present.

While there has been a tendency shown to permit a somewhat wide range in attacking these assignments, for the purpose of showing fraud, still it must be borne in mind that the assignor may himself change his views and seek by subsequent acts to change what was originally honest into having the appearance of a fraudulent character. The rule therefore should not be so general as to permit such a result if it can be avoided. Upon this subject see *Baldwin v. Blanchard*, 11 Mich., 389; *Flanigan v. Lampman*, 12 id., 58; *Smith v. Mitchell*, id., 180; and *Angell v. Rosenbury*, id., 241.

The evidence in the present case showed that when the witness entered the store he found Mr. Schloss, the assignor, and a clerk there; that he inquired of Mr. Schloss about the books; that Schloss produced them, also a list of assigned accounts, and made the statements testified to and complained of. This testimony fairly tended to show that Schloss was in possession of the assigned property, and of the books, accounts, etc. If the assignor permitted this, then we are of opinion the statements made as to what had been assigned, and to whom, were admissible.

*Second.* Certain books of account were, it is claimed, erroneously admitted. It was claimed that these books did not show any indebtedness of Benjamin Schloss to Schloss Bros., while certain entries therein showed a transfer of certain accounts to a large amount to Schloss Bros.

We are of opinion that the books were admissible for the purpose for which they were offered and used. Whether other books of Mr. Schloss would have shown that he was in fact indebted to Schloss Bros., and thus accounted for the assignment of the accounts, could not

prevent the introduction of these. If others existed the assignee would be presumed to have the custody of them. If he did, and they were not produced, or if none such existed, the creditors could not be deprived of their right to make use of those they were able to obtain.

Much of what has been said is equally applicable to what the books showed as to the settlement of certain accounts by note, and the transfer thereof in connection with the assignee's testimony that such notes did not come into his possession. The evidence was admissible.

We have carefully examined the charge to the jury, and while there are sentences which, if standing by themselves, could not be sustained, yet it is now well settled in this court that the charge must be considered as a whole, and the charge in this case, when so considered, may well be sustained.

One objection, taken in this court for the first time, would clearly have been good if presented in the court below. The defendant seized and justified taking the property upon process against the assignor in favor of his creditors. The plea was that of the general issue only. There should have been a notice attached to the plea. Had this objection been taken in the court below, an amendment would undoubtedly have been permitted upon terms. Where the parties do not think proper to raise such an objection, but proceed to and do try the case upon its merits, as though such notice were given, we think they cannot raise the question in this court. It may very fairly be said that they waived it.

The judgment must be affirmed with costs.

The other Justices concurred.