The motion to dissolve the injunction is overruled.

2. What has been said virtually disposes of the questions raised by the supplemental bill. The railroad company is bound to carry for the express company for a reasonable compensation, and must not discriminate against it. A court of chancery has power to decree a compliance with this wholesome regulation. This court cannot for a moment sanction the proposition that the railroad company may, by extortion or unjust discrimination, exclude the express company from the right to conduct its business upon their railroad. I am not prepared now to fix the maximum rates to be charged for the transportation of express matter, but I have no doubt of the power of the court, after investigation, to do so. An order for this purpose should not, as a rule, be made until after a reference to a master, and a report by him after hearing. For the present, the injunction hereinbefore allowed will be modified so as to enjoin and restrain the respondent from charging the complainant for the transportation of express matter, including closed packages, more than a fair and reasonable rate; such charges in no case to exceed the rate charged upon similar express matter to itself, or to any other express company, or for similar express matter received from, or delivered to, the Iron Mountain, etc., Railroad Company Express, or the Pacific Express Company.

Ordered accordingly.

---

## DAVIS and others *v.* STEWART, Assignee.

*(Circuit Court, D. Iowa.* September, 1881.)

1. FRAUDULENT PURCHASES—ASSIGNEES.

Where a vendee is insolvent at the time a purchase is made, and does not expect to be able to pay for the goods purchased, the vendor is entitled to possession as against such a vendee's voluntary assignee.

An action of replevin is brought to recover the possession of goods alleged to have been fraudulently purchased by Harter & Claus, defendant's assignors. The plaintiffs rescind the sale, and follow the goods, stating in their petition "that when Harter & Claus purchased

the bill of goods they were insolvent, and did not expect to pay for the same." The case was tried with a jury, and a verdict rendered for the plaintiffs. Motion is made for a new trial.

*Barcroft, Gatch & McCaughan,* for plaintiffs.

*Parsons & Runnells,* for defendant.

NELSON, D. J. The rule stated by Hilliard on Sales meets with my approval, to-wit: "Where the purchaser is insolvent, and has no reasonable expectations or intention of paying for the goods, he gains no title against the vendor." It is not necessary to allege or show false pretence or other direct artifice. When no questions are asked, no false pretences, no artifice resorted to, silence is not fraud; but concealment of insolvency, with no reasonable expectation of paying, renders a sale fraudulent. See *Thompson* v. *Rose,* 16 Conn. 71, 81; *Johnson* v. *Monell,* 2 Keyes, 655; *Powell* v. *Bradlee,* 9 Gill. & J. 220, 248, 278; *Talcott* v. *Henderson,* 31 Ohio St. 162, 52, note, and p. 301.

*Donaldson* v. *Farewell,* 93 U. S. 631, is not in conflict with the view expressed in this case. The facts there fully sustained the opinion announced by this court. The point made, that the defendant was an officer of the state court, and the circuit court of the United States has no jurisdiction, is not tenable.

The assignment was the voluntary act of Harter & Claus, and the defendant was their appointee. The property is in the defendant's custody as trustee for the creditors, and the statutory provisions relative to the exercise of the trust are such as a court of chancery would apply.

The evidence was sufficient to justify the verdict, which the court was authorized to put in proper form.

Motion denied, and it is so ordered. Judgment will be entered by the clerk, but without costs.