FRANK D. HYDE AND GEORGE S. HYDE v. ALONZO M. SHANK.

[See 77 Mich. 517.]

*Evidence — Account-books — Fraudulent   conveyances — Burden of proof—Instructions to jury.*

1. In a suit involving the question whether a chattel mortgage was or was not paid, the plaintiffs testified from recollection to the amount due on the mortgage, and produced their books, showing, as they claimed, the true state of the mortgagor's account with them, and, without formally offering the books in evidence, tendered them to the counsel for the defendant for examination.    And it is held that the testimony was competent, and if the defendant questioned it, and believed that the books would show the contrary, it was his duty to examine the books, and put them in evidence if he desired.

2. The burden of proof is upon him who claims that a mortgage was fraudulent in its inception, and, if he fails to produce any testimony showing fraud, the jury are properly instructed that the evidence will not warrant them in finding in favor of such claim.

3. A mortgagor of chattels assigned to the mortgagees a part-paid land contract. After the foreclosure of the mortgage, and after the commencement of a replevin suit by the mortgagees against attaching creditors of the mortgagor, the mortgagees paid the balance due on the contract, and took a deed of the land. On the trial of the replevin suit the court instructed the jury that the deed cut no figure in the case, so far as the payment of the mortgage was concerned, which instruction is sustained.

4. The court further instructed the jury that, if the mortgage was paid when the replevin suit was commenced, the verdict must be for the defendant, but if they found that it was not paid, but that there was one dollar due upon it, the plaintiffs could recover; which instruction is sustained, the plaintiffs' testimony as to the amount due on the mortgage being uncontradicted.

Error to Osceola. (Judkins, J.) Submitted on briefs October 26, 1892. Decided December 2, 1892.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion, and in 77 Mich. 517.

*N. O. Griswold*, for appellant.

*C. A. Withey*, for plaintiffs.

GRANT, J. Plaintiffs had verdict and judgment. The facts will be found sufficiently stated in 77 Mich. 517, when this case was first before the Court. There are eight assignments of error, but we shall consider only those which appear to be argued in the defendant's brief.

1. The defense is that the mortgage was fraudulent as to creditors, and that, if not fraudulent, it was paid at the time the suit was commenced. Plaintiffs, the mortgagees, and Edgett, the mortgagor, had both testified to facts which clearly showed that the mortgage was given for a *bona fide* indebtedness, and without any intent to defraud creditors. They also testified that there was about $1,900 due on the mortgage at the time this suit

was commenced. Plaintiffs testified to this from their recollection. Their books were produced in court, which they said contained the true state of the account between them and Edgett. These books had been used upon former trials of the case. Plaintiffs did not formally offer them in evidence, but tendered them to defendant's counsel upon the trial for their examination and 'use. The position of defendant's counsel appears to be that it was the duty of the plaintiffs to put these books in evidence, and that they were not entitled to recover without having so done. The position is not tenable. It was competent for plaintiffs to testify to the amount due. If the defendant questioned this, and believed that plaintiffs' books would show the contrary, it was his duty to examine them, and put them in evidence if he desired.

2. The court was correct in instructing the jury that the evidence would not warrant them in finding that the mortgage was fraudulent in its inception. The burden of proof in this respect was upon the defendant, and he produced no testimony showing fraud.

3. Edgett had assigned to the plaintiffs a land contract, which was not fully paid. After this suit was commenced, and after the mortgage was foreclosed, plaintiffs paid the balance due upon it, and took a deed. The court instructed the jury that " the deed, being made afterwards, cuts no figure so far as the payment of the mortgage is concerned. It must have been paid before the suit was commenced." The instruction was correct.

4. The court instructed the jury that, if the mortgage was paid at the time this suit was commenced, the verdict must be for the defendant; but if they found that it was not paid, but that there was one dollar due upon it, then the plaintiffs should recover. The only complaint defendant's counsel appears to make of this instruction is that the foreclosure for so trifling a sum would, of itself, be a

badge of fraud.    The enforcement of a strictly legal right,.
however small the amount involved, is not, of itself, a
badge of fraud.    Whatever it might be in some circum-
stances, there were none in this case to render the charge
improper, or to require any qualifications of it, and defend-
ant had given no evidence to contradict the plaintiffs as
to the amount due upon the mortgage.    Edgett, the mort-
gagor, had manufactured shingles, and delivered them to
the plaintiffs.    Plaintiffs testified that, after giving credit
for these, the amount then due was . as above stated.
     Defendant offered no evidence to contradict this.
     We find no error upon the record, and the judgment is
affirmed.
     The other Justices concurred.