KIRSCHBAUM *v.* JASSPON.

1. SALE — RESCISSION — BUYER'S FINANCIAL STANDING — FRAUDU-
LENT REPRESENTATIONS.

Where goods are sold to an insolvent in reliance on false repre-
sentations by him as to his financial condition, the seller, on
learning the facts, may rescind the sale and maintain replevin,
whether or not the buyer, when purchasing, intended to pay
for the goods.

2. SAME—INSOLVENCY AS GROUND OF RESCISSION.

The mere insolvency of the buyer at the time goods are
purchased, unaccompanied by misrepresentation, is insuffi-
cient to render the transaction fraudulent and entitle the
seller to rescind.

Error to Alpena; Kelley, J.  Submitted January 31,
1900.  Decided March 13, 1900.

Replevin by Simon Kirschbaum and others against Max
Jasspon and others.  From a judgment for defendants,
plaintiffs bring error.  Reversed.

*Joseph H. Cobb*, for appellants.

*J. D. Turnbull* and *I. S. Canfield*, for appellees.

MOORE, J.  This case has been here once before, and
is reported in 119 Mich. 452 (78 N. W. 473).  A reference
to that case will make it unnecessary to make a detailed
statement here.  On the second trial the defendants
obtained judgment.  The case is brought here by writ of
error.  It was the claim of plaintiffs that Jasspon, to
obtain credit, made false and fraudulent representations
as to his financial standing; that, relying upon those
statements, they sold goods to him, upon which he soon
thereafter put a chattel mortgage; that, when they learned
his statements were not true, they rescinded the sale and
brought replevin for the goods.

The plaintiffs requested the court, among other things, to charge the jury as follows:

"If you find from the evidence in this case that defendant Jasspon made the financial statements of June, 1895, and June, 1896, and that they are not substantially correct, and plaintiffs sold him goods, relying on the statements, your verdict must be for the plaintiffs."

The judge declined to give this request, and charged the jury as follows:

"And I instruct you here, gentlemen, on this point, that, to constitute or make the purchase of these goods fraudulent, there must have been material misrepresentations by Jasspon as to his financial standing, thereby and through such misrepresentations to obtain possession of the goods, intending not to pay for them. Now, I say to you, before plaintiffs can rescind this sale, they must establish the fact of material misrepresentation on the part of Jasspon in reference to his financial standing and responsibility, and that he did not intend to pay for these goods. Now, you can understand that. I have put it in a short paragraph, so you can understand it. If Jasspon, when applied to by the commercial agency,— a means that is used today in the commercial world for informing business men of the standing and condition of the business of others with whom they are dealing,—if he misrepresented in any material matter his ability to pay, his business, his financial standing, it would be a fraud upon these plaintiffs, if it induced a sale and parting of their goods, if he made that misrepresentation for the purpose of inducing the sale by plaintiffs, and intending not to pay for the goods that he got from them."

If this had been an action of deceit, the charge of the judge would have been unobjectionable, but in an action of this kind we do not think it a correct statement of the law. When one makes a statement of his financial standing for the purpose of obtaining credit, he must not make a material misrepresentation. If he does, and the vendor, in reliance upon the statement, sells goods, when he learns of the misrepresentation the vendor may rescind the contract upon the ground of fraud, and recover his goods, even though the vendee had intended to pay for them. The distinction is as follows:

"When we come to consider hereafter the distinction between the remedies available to the party who has been deceived by a false representation, and the essential elements of an action of deceit and of a claim for rescission of the contract, it will be seen that the foregoing statement now requires to be qualified. If the deceived party prefers a claim for damages in an action of deceit, it rests with him to show, not only that the representation made was false in fact, but also fraudulent in intent, or at any rate made recklessly or without reasonable grounds for believing it to be true. If, on the other hand, he claims rescission of the contract, it is sufficient for him to prove that the representation was a material one inducing the contract, and was false in fact." Benj. Sales (7th Am. Ed.), § 429.

*P. Cox Shoe Co.* v. *Adams*, 105 Iowa, 402 (75 N. W. 316); *National Bank of Merrill* v. *Lumber Co.*, 101 Wis. 247 (77 N. W. 185); *Skinner* v. *Hoop Co.*, 119 Mich. 467 (78 N. W. 547); *Genesee Co. Sav. Bank* v. *Michigan Barge Co.*, 52 Mich. 164, 438 (17 N. W. 790, 18 N. W. 206); *Frisbee* v. *Chickering*, 115 Mich. 185 (73 N. W. 112).

Upon another branch of the case the jury were charged as follows:

"If you are satisfied from the evidence in this case that Jasspon made no misrepresentation as to his standing financially,—as to his property, his ability to answer the obligation against him,—if he made no misrepresentations to the agency when applied to in reference to that matter, his insolvency, if he was insolvent at that time, it would not make the transaction fraudulent. An insolvent (a man that is insolvent) may still have some hope of success, and may properly— If he buys in good faith, he may properly continue to do business; and it cannot be said that he has perpetrated a fraud upon the parties from whom he buys, even though subsequent conditions may so change that he is compelled to fail in business."

It is claimed that this was error. We think the charge is sustained by the following authorities: *Skinner* v. *Hoop Co.*, *supra; Belding* v. *Frankland*, 41 Am. Rep.

633 (76 Tenn. 67), and note; *Talcott* v. *Henderson,* 31 Ohio St. 162 (27 Am. Rep. 501); *Loeb* v. *Flash,* 65 Ala. 526; *Le Grand* v. *Bank,* 81 Ala. 123 (1 South. 460, 60 Am. Rep. 140); *Davis* v. *Stewart,* 8 Fed. 803.

Judgment is reversed, and new trial ordered.

The other Justices concurred.