CLARK v. WILLIAM MUNROE CO.

1. SALE—FRAUD—RESCISSION.

Evidence that a sale of chattels was made on the purchaser's representation that he was in as good pecuniary condition and had as good credit at the bank as ever, and could meet his paper when due; that in fact he had not as good credit at the bank as previously; and that a month later, on account of threatened suit by creditors, he formed a corporation, to

which he conveyed all of his property except his home and some lots, which he conveyed to his wife,—is sufficient to support a finding of fraud in the purchase, justifying a rescission by the seller.

2. SAME—CONFUSION OF GOODS.

Where lumber fraudulently purchased is so mingled by the purchaser with his own that it cannot be distinguished, the seller may retake an equal quantity from the common mass.

Error to Wayne; Waite, ˉJ. Submitted April 2, 1901. Decided July 2, 1901.

Replevin by Arthur J. Clark against the William Munroe Company, impleaded with William Munroe. From a judgment for plaintiff, defendant brings error. Affirmed.

*Clark, Durfee, Allor & Marston,* for appellant.

*George E. Eckert,* for appellee.

HOOKER, J.   The plaintiff replevied a quantity of lumber from the defendant company, and upon the trial obtained a verdict and judgment against it for the property replevied, and for $270, to cover property mentioned in the writ and not found.   The court directed a verdict of not guilty as to Munroe, and set aside the judgment to the extent of the $270 damages.   The company has appealed.

Plaintiff asserts that on or about December 5, 1898, he had some negotiations regarding the sale of some lumber with William Munroe, and that in accordance with an arrangement then agreed upon, and in reliance upon certain representations then made, he sold and delivered on different days up to and including January 4, 1899, the lumber in question.   He took Munroe's promissory notes for all except that delivered on January 4, 1899, said notes being dated ahead, and of the date of January 5, 1899, at Munroe's request.   On January 4, 1899, Munroe caused an incorporated company to be formed to take and carry on his business, and took all but two shares of the stock himself.   Of these two his attorney took one share, and a

friend the other. At the same time he conveyed to the company all of his stock in trade, including such lumber as he had on hand, and all of his real estate, except his home and some lots, and these he conveyed to his wife. On ascertaining these facts, the plaintiff delivered up the notes, and demanded his property, claiming a right to rescind the contract for fraud.

Counsel for defendant contend that the court erred in not directing a verdict for the defendant. The case went to the jury upon the theory that plaintiff might recover if the jury should find that, at the time of the purchase of this lumber, the defendant made false representations as to his pecuniary circumstances, and thereby procured the lumber, with the intention of not paying for it. Defendant's contention is that there was no testimony tending to prove this. The plaintiff introduced testimony tending to show that the defendant said that he was in as good "pecuniary shape" as he had been, and had as good credit at the bank as he ever had, and could meet his paper when due; but that, as a fact, he had not as good credit as he had previously at the bank, and that he formed the corporation for the purpose of avoiding embarrassment from some creditors who threatened to sue him. There was also testimony that he transferred all of his property at this time. Proof of fraud may, and usually does, consist of facts and circumstances from which the fraudulent purpose may be inferred. The question is one for the jury, and we are of the opinion that facts were shown in this cause justifying the submission of the question to the jury. Counsel insist that there is no testimony tending to show a fraudulent intent, or even an intent to form a corporation for the conduct of his business as early as December 5th, when the negotiations were had. The devices resorted to for the purposes of fraud are as numerous and varied as the ingenuity of man permits, and it is not necessary that one claiming to have been defrauded be able to show the secret intentions of another by his admissions or statements. It is enough if the entire transaction begets a well-

founded conviction of the fraud. *Kirschbaum* v. *Jasspon*, 123 Mich. 314 ( 82 N. W. 69 ); *Morgan* v. *Andrews*, 107 Mich. 33 ( 64 N. W. 869 ); *Skinner* v. *Michigan Hoop Co.*, 119 Mich. 467 ( 78 N. W. 547, 75 Am. St. Rep. 413 ).

Error is assigned upon the charge of the court. Counsel say that he charged the jury that, if plaintiff could not find all of the lumber that he was entitled to, he had a right to take such lumber as he could find to make up the loss. We think this is a misinterpretation of the language used, as the following quotation from the charge will show :

" But he is .entitled to recover only the property that was sold at that transaction. If he takes the property of another, he takes it at his peril, and, of course, must answer for it, with this exception: If the property is taken by the defendants, or if these defendants in this case, if the plaintiff had a right to recover, took his property, and mingled it with their property, so that it could not be distinguished, and he had a right to the possession of his property, or a portion of it, he could take as much as he had a right to the possession of from the mingled property of the same kind, where he had not been at fault in the commingling of it, if the other parties had, either fraudulently or carelessly. If he had a right to the possession of it, then he could take the amount which had been taken from him, or which he had a right to take, from the mingled property in the possession of the defendant. But that would not give him a right to take property to the amount of that which he claimed, if that property was not there, or never had been, or had been rightfully used or taken away for any other purposes. If you should find that the plaintiff had a right to recover the property which was sold upon that occasion, and he went there, and it was not mingled, as I have told you, and he took other property belonging to the William Munroe Company, then he would have to answer for such property as he took from the William Munroe Company, or anybody else's property, which was not included in this sale to him originally."

Some other questions are raised, but we think it unnecessary to discuss them.

The judgment is affirmed.

The other Justices concurred.