JOHN HEIDSIK CO. *v.* RECHTER.

1. Bankruptcy—Insolvency at Time of Purchase—Fraud.
    Generally the mere failure to disclose to vendor the fact that the purchaser is insolvent and unable to pay his debts does not constitute a fraud entitling vendor to rescind the sale and reclaim goods which had been sold on open account from the trustee in bankruptcy.

2. Sales—Credit—Insolvency of Purchaser—Intent Not to Pay —Fraud.
    A purchaser, although insolvent, may lawfully buy on credit, even if he does not make his financial condition known to the vendor, if, at the time, the purchaser intends to pay; but if the purchaser knows he is insolvent and makes the purchase with the preconceived purpose not to pay, the purchase is void, even though there may not have been any fraudulent representations at the time of purchase.

3. Fraud—Burden of Proof.
    The burden of proof of showing fraud is on the one alleging it.

4. Bankruptcy—Replevin—Sales—Evidence—Fraud.
    In action of replevin against purchaser of paint and his trustee in bankruptcy, evidence *held,* insufficient to show that purchaser was insolvent at time order was given or that purchaser was guilty of fraud in giving the order although he was insolvent when goods were delivered some three months later and was adjudicated a bankrupt a month later on his voluntary petition.

Appeal from Jackson; Simpson (John), J. Submitted October 6, 1939. (Docket No. 81, Calendar No. 40,630.) Decided December 20, 1939.

Replevin by John Heidsik Company against N. Rechter, doing business as Jackson Cut Rate. William R. Blackman, trustee in bankruptcy of estate

of N. Rechter, intervened.　Judgment for plaintiff.
Intervening defendant appeals.　Reversed and judgment ordered entered for defendants.

*Maxwell F. Badgley,* for plaintiff.

*Luther Pahl* and *Frank L. Blackman,* for intervening defendant.

Sharpe, J.　This is an action of replevin begun March 31, 1938, for the recovery of certain paint sold by plaintiff company to defendant Rechter on open account.　It appears that defendant Rechter opened a new business for the sale of automobile accessories, floor coverings, paint and similar articles of merchandise in the city of Jackson in September, 1937.　Prior to that time he had been the manager of a store selling similar merchandise.　He invested about $1,200 in the store when he opened for business.　Prior to the opening of this store, he had very little business experience with plaintiff company.　In December, 1937, defendant at the solicitation of one of plaintiff's agents ordered a quantity of paint from plaintiff company on open account in the amount of $763.03, which merchandise was not delivered until a later date.　At the time of the above sale no financial statement was asked for by plaintiff company or furnished by defendant; and no representations were made as to defendant's financial condition.　The paint was delivered in March, 1938.　Defendant filed a voluntary petition in bankruptcy and on April 20, 1938, was adjudicated a bankrupt.　The petition showed creditors in the amount of $4,919.80, which statement included plaintiff's claim of $763.03.　The inventory as scheduled in the bankruptcy as taken April 19, 1938, showed assets in the amount of $1,435.

It also appears that during the month of December, 1937, defendant did a gross business of $1,033.74. In January, 1938, defendant did a gross business of $384.76, February, 1938, $279.06, and March, 1938, $340.66. In March, 1938, defendant sent out an offer of compromise to some of his creditors and shortly thereafter plaintiff replevied the mentioned goods.

The cause was tried without a jury and at the conclusion of plaintiff's proofs, defendants moved for a directed verdict "for the reason that there has been no fraud shown as claimed by plaintiff's counsel." In March, 1939, the trial judge found in favor of plaintiff and stated in his opinion that at the time defendant Rechter ordered the goods he was in failing circumstances and at the time the goods arrived he was hopelessly insolvent.

Defendants appeal and contend that the trial court was in error in his refusal to grant their motion for a directed verdict. We are in accord with the finding of the trial court that defendant was insolvent at the time of the delivery of the merchandise, but the facts do not justify such a finding at the time of purchase. The record fails to show that defendant Rechter misrepresented to plaintiff his financial condition; or that plaintiff made any investigation of defendant Rechter's financial condition prior to the delivery of the goods. Moreover, defendant Rechter testified that he had every reason to believe that his business venture would be a success.

The general rule is that the mere failure of a vendee to disclose to his vendor the fact that he is insolvent, and not able to pay his debts, does not constitute a fraud entitling the vendor to rescind the sale and reclaim the goods from the trustee in bankruptcy. 59 A. L. R. 424 and cases cited therein.

In *Frisbee* v. *Chickering,* 115 Mich. 185, we said:

"A man, although insolvent, may lawfully buy on credit, even if he does not make his financial condition known to the vendor, if, at the time, he intends to pay. *Wright* v. *Brown,* 67 N. Y. 1; *Zucker* v. *Karpeles,* 88 Mich. 413. But if the purchaser knows he is insolvent, and makes the purchase with the preconceived purpose not to pay, the purchase is void, even though there may not have been at the time of the purchase any fraudulent representations. *Shipman* v. *Seymour,* 40 Mich. 274."

See, also, *Kirschbaum* v. *Jasspon,* 123 Mich. 314.

The burden of proof of showing fraud is on the one alleging it. *Hyde* v. *Shank,* 93 Mich. 535. In the instant case, plaintiff has failed to show by evidence that defendant Rechter was guilty of fraud in ordering the merchandise. The reasonable inferences from the established facts in the record do not harmonize with the conclusions of the trial judge.

The judgment is reversed, and a judgment will be entered in favor of defendants in the sum of $723.79, the return of the merchandise having been waived by the said trustee. Defendants may recover costs.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH and McALLISTER, JJ., concurred.