## Dominique E. Robert v. The Estate of Emily Morrin, Deceased.

*Guardian and ward: Accounts: Notice: Proceedings in probate court.* A person who has been under guardianship is bound by notice of the various proceedings and files in the court of probate relating to his estate, and to the transactions of his guardians as manifested in such proceedings; such a person cannot claim that any fact concerning the guardianship accounts has been concealed from him, which he would have known if he had looked in the probate office.

*Fraud.* Fraud cannot be presumed without proof.

*Heard May 13.  Decided May 16.*

Error to Monroe Circuit.

*E. Baldwin, William A. Underwood* and *C. A. Stacy,* for plaintiff in error.

*Grosvenor & Rauch* and *S. T. Douglass,* for defendant in error.

CAMPBELL, J.

Plaintiff sues his mother's estate to recover an amount claimed to have been received by her from the assets of a former guardian and not paid over to him.

Mrs. Morrin's second husband became plaintiff's guardian in 1838, and died in 1848 or 1849. In 1855 Mrs. Morrin, who was his administratrix, rendered her final account. It showed the sum of five hundred sixty-three dollars and forty-eight cents in her hands due to her son, the plaintiff, who was then a minor, but nearly of age. The amount was balanced by giving a note to Samuel Duval, as guardian of plaintiff, for that sum.

Plaintiff came of age in 1856. Duval lived four or five years after the settlement. Mrs. Morrin died in 1867. This note was found more than a year after her death, and plaintiff claims to have found it in the files of the probate court in the estate which she administered.

The defense rested on the ground of the presumption of payment in fact of the note found among her papers, and also on the ground that the claim even if not paid was outlawed.   To this latter defense the answer suggested was, a fraudulent concealment of the cause of action.   And it is only on this last question that any errors have been relied on in this court.

As bearing on this, and on plaintiff's means of knowledge, the court charged the jury that, " The probate records and files are public records, and plaintiff must take notice of them after he is of age, and is presumed to know the contents."

It is very evident that the probate records of the estate of plaintiff's first guardian would have informed him of the amount acknowledged to have been in his mother's hands, and furnished him the means of obtaining a knowledge of all that belonged to him from either guardian out of that estate.

We think the charge on this point was proper.   Every one must know, or must be presumed to know, that he is interested in fact, as he is a party in law, to the settlement of a guardian's estate, and bound, when he becomes of age, to prosecute his rights with legal diligence.   Such proceedings are notice to all persons interested, and it would be in violation of legal policy to allow a person directly affected by them to set up ignorance of what appears there. He is bound to know the law, and what the law requires to enable him to enforce his claims, and within what time he must proceed.   The records are open to inspection, and are not like private papers which may be effectually concealed in spite of diligence.   There could be no safety whatever in probate proceedings, if, after a lapse of years, a party could throw upon any one else, the burden of showing that he had personal knowledge of their tenor.   Where the proceedings of a court are warranted by its obtaining jurisdiction over persons and property to be adjudicated or

administered, it would be little short of absurd to entertain the suggestion that any one legally bound by the record may preserve rights from outlawry, by failing to inform himself of its contents.

The court also instructed the jury that fraud would not be presumed, and must be proved. This is a proposition too elementary to bear discussion. Counsel in this court argued on the theory that this charge required fraud to be proved more clearly than other necessary grounds of action, and relied on *Watkins v. Wallace, 19 Mich. R., 57,* to show its error. But the court did not here, as in that case, direct the jury that they must have any particular amount of proof. They were *only told the fraud must be proved,* and it was left to them on the same footing with any other question of fact, to be established by the plaintiff to make out his action.

There was no error in the proceedings, and the judgment must be affirmed, with costs.

The other Justices concurred.