JACOB POGODZINSKI v. ANDREW KRUGER ET AL.

*Fraud in mortgaging leviable property*

Fraud, as in mortgaging property liable to execution after judgment, must be clearly made out; it is not enough to merely raise suspicion of good faith.

Appeal from Kent. Submitted June 10. Decided June 16.

BILL to set aside a mortgage. Defendants appeal. Reversed.

*D. E. Corbitt* for complainant.

*Grove & Harris* for defendants.

GRAVES, J. Complainant obtained a judgment against the defendant Andrew Kruger on the 4th of January, 1879, for $195 damages and costs; and on the 13th of the same month the latter mortgaged his estate, liable to execution, to his sister, the co-defendant. On the 5th of June following, the complainant caused an execution on his judgment to be levied on the mortgaged property, and soon afterwards filed this bill in aid of the execution. The bill alleged that the mortgage was made without consideration, and with intent to defraud creditors. The defendants answered and denied the fraud, and alleged that the security was given in good faith and for an actual indebtedness. The circuit court decreed that it was without consideration, and given to defraud complainant, and that it should be held null and void as against him; and moreover, that it should be discharged of record, and in case the defendant failed to discharge it, that it should be competent to record the decree as a discharge.

The question in the case is whether the mortgage was made on an honest consideration; and it devolved on complainant to make out that it was not, or in other words, that it was fraudulent; and (as in every issue of the like nature)

it was necessary to adduce a species and amount of proof so convincing as to cause a very hearty and firm belief of the fact. It was not sufficient to entangle the mind in perplexity, or generate mere doubt or suspicion. A party charging fraud is not entitled to succeed unless his proof creates a clear and full impression that the charge is true. It is unnecessary to write out a discussion of the evidence in the record. Upon close examination it fails to satisfy the understanding that the mortgage was a mere sham. It may have been, but there is too much room for thinking it may not have been.

The various circumstances connected with the relations of the parties and their contentions, their foreign birth and antecedent and present course of life and social and domestic characteristics have an influence and lend a peculiar color to the chief facts. It is quite impossible to give the same meaning to some of the prominent circumstances, or to make the same inferences from them that would be reasonable and natural in case the parties had grown up here under the influence of our own institutions and conditions. As it is, the case is not made out. My brethren go somewhat further and think the evidence is quite decisive in favor of defendants.

The decree should be reversed, and the bill dismissed with costs of both courts.

The other Justices concurred.