AMELIA H. BROWN v. WILLIAM DAY DEAN AND URIEL SPALDING.

*Fraudulent transfer—impeaching testimony.*

1. Where a person, against whom an action is pending, transfers his real estate, the plaintiff, on recovering judgment, cannot maintain ejectment against the purchaser of the real estate on the ground that it was fraudulently transferred, without showing that the purchaser participated in the fraudulent purpose, or had notice of it.

2. Impeaching testimony can be used for impeachment only, and not to establish the main facts in the case; a fortiori, where the witness impeached is not a party and his impeachment concerns statements by him which in themselves were only hearsay and could not bind a party.

3. Fraud cannot be presumed, but must be proved; and the burden of proof is on the party complaining of it.

Error to Tuscola. (Wixson J.) Oct. 18.—Dec. 21.

EJECTMENT. Defendants bring error. Reversed.

*B. L. Ransford* and *Parker & Burton* for appellants.

*H. P. Atwood* for appellee. A plaintiff recovering judgment in a breach of promise case is entitled to have it satisfied from lands conveyed by defendant, without consideration, pending suit : *Beam v. Bennett* 51 Mich. 148 ; and defendant has the burden of showing consideration : *Godfroy v. Disbrow* Walk. Ch. 260 ; *Shotwell v. Harrison* 22 Mich. 410 ; *Atwood v. Bearss* 45 Mich. 469 ; 47 Mich. 72.

SHERWOOD, J. The plaintiff brought ejectment to re-cover possession of 160 acres of land in the county of Tus-cola, under a claim of title derived through a sale made upon execution issued on a judgment rendered against one Nathan Clifford for the sum of $500, in a suit against him by plaintiff for breach of promise to marry.

Plea general issue, with notice that at the time the levy and sale were made, Nathan Clifford had no right, title or interest in the land, legal or equitable, and that the sale by the sheriff, under which plaintiff claims title, was made more than one year before the commencement of the suit in this case. No question is made upon the pleadings as to the regularity of the sale. The judgment was rendered against Clifford on the 11th day of September, 1878; exe-cution was issued thereon, and levy made thereunder on the 13th day of the same month upon the land in question; and on the 16th day of May, 1879, the land was sold by the sheriff, in pursuance of the levy, to the plaintiff, for the sum of $125.

It appears from the record that Clifford held the title to the premises in question until the 26th day of March, 1878, when he conveyed them by warranty deed to the defendant Dean, for the expressed consideration of $2400, which deed was recorded on the 4th day of June, 1879.

This suit was commenced on the 27th day of February, 1883, and trial had on the 11th day of May following; and the plaintiff recovered. The plaintiff claims she derived title to the lands in question through the execution sale, and is now entitled to the possession on the ground that, as to her claim, the deed from Clifford and wife to Dean was void for want of consideration.

Several errors are alleged on the admission of testimony for plaintiff. The first and second assignments relate to the admission of the record and proceedings in the case of the plaintiff against Clifford, and those had upon the judg-ment after it was rendered, to and including the sale of the land by the sheriff and the giving of the bond in pursuance thereof. We think this was proper. It was necessary for

the plaintiff to show a valid judgment and regular pro-
ceeding thereunder to sale. And if the deed from Clifford
to Dean was void, as plaintiff maintains, these were suffi-
cient to establish her claim to the possession of the property.

The third, fourth, fifth and sixth errors assigned relate to
the testimony of witnesses Edson, Richardson and Wheat,
offered to contradict Clifford; to show he had sworn differ-
ently on another trial from what he did in this. The plain-
tiff had a right to this testimony. The defendants had
placed the witness upon the stand, and it was proper cross-
examination for the purpose of impeachment, but it could
only be used, after it was received, for that purpose. When
Clifford was upon the stand, on his cross-examination, against
the objection of defendants' counsel that it was incompe-
tent and immaterial, he was asked if he did not testify in
the breach of promise case that "he conveyed the land in
question to Dean, so that he could convey it back to his
wife, and she could have the benefit of it," and the witness
answered substantially in the negative. The impeaching
testimony above referred to was then offered. And this is
all the testimony there was in the case upon that subject,
and the court charged the jury: "If the deed was in fact
given simply for the purpose of having Dean make a deed
back to witness Clifford and his wife, for the purpose of
having the property in different shape, and not for a con-
sideration to be paid by Dean, it would be without consid-
eration in law." The court had previously told the jury
that if this deed was without consideration, the plaintiff
would be entitled to recover. This charge of the court is
excepted to by defendants, and error is assigned upon it,
and we think the exception well taken. The charge fails
to restrict the effect of the impeaching testimony to im-
peachment only. It was left by the charge as establishing,
or tending to establish, the main fact in the plaintiff's case.
This should not have been done. It was error. Clifford
was not a party to the suit, and only for its impeaching
tendency the testimony would have been clearly incompe-
tent. *Howard v. Patrick* 38 Mich. 804. It would for

any other purpose have been incompetent for another reason. Clifford's statements, after Dean made his purchase and received his deed, would have been clearly hearsay and not binding upon Dean. *Hedstrom v. Kingsbury* 40 Mich. 637; *Frankel v. Coots* 41 Mich. 77.

The theory of plaintiff was that the deed from Clifford to Dean was, as to her, fraudulent and void, and did not affect her purchase of the 160 acres under the execution sale, for $125, and that all she had to do to entitle her to recover was to offer in evidence her judgment against Clifford and the proceedings thereunder to the sale, and the execution of the sheriff's deed; the deed from Clifford and wife to Dean; and the fact that Clifford owned it when he deeded it to Dean. The deed offered showed the consideration to be $2400, which was admitted to be a fair valuation of the 160 acres. The court, in his charge, substantially held that this was all that was necessary to entitle the plaintiff to recover. This was error.

The plaintiff's right to recover rested upon the fraudulent transfer of Clifford's property to the defendant Dean. It is nowhere in the record claimed or pretended that Dean, in making the purchase, had any fraudulent design at the time, or ever had notice of any fraudulent intent on the part of Clifford, in making the sale to him, to defraud the plaintiff. There was nothing upon the face of the transaction or upon the face of the deed tending to show fraud, as the facts appear in plaintiff's testimony. It is true the conveyance was made to Dean by Clifford while a suit was pending against the latter upon a claim for unliquidated damages in an action for a wrong, but nothing further appears in the testimony of the plaintiff to show the fraud charged. This would be the state of the case if the testimony of Clifford was disbelieved entirely. This, I think, we must all agree would be insufficient to entitle the plaintiff to recover. And as the court below told the jury that if they believed Clifford's testimony, she certainly could not recover, it is difficult to see any good reason why, upon all the evidence given in the case, (and we have it all in the

record) the defendants' sixth request might not have been very properly given, directing a verdict for the defendants.

It is very elementary that fraud cannot be presumed, but must be proved. *Miller v. Finley* 26 Mich. 249; *Robert v. Morrin* 27 Mich. 306. The circuit judge held that the burden of proof, when the plaintiff rested, was upon the defendants to show consideration for the deed to Dean. The plaintiff's proofs showed a consideration equal to a fair valuation of the land. If the jury believed Clifford's testimony, a fair consideration was again proved; if they disbelieved him, the plaintiff's proofs remained, still showing a consideration. Take either view, and it seems to us there was error in this portion of the charge. *Darling v. Hurst* 39 Mich. 768; *Brigham v. Fawcett* 42 Mich. 542; *Pogodzinski v. Kruger* 44 Mich. 79. The defendants' fourth, fifth, and tenth requests were proper to be given to the jury.

The plaintiff in this case was not a creditor of the defendant when the conveyance to Dean was made, nor yet when the deed was recorded, and would not be until she had obtained her judgment against Clifford. *Hill v. Bowman* 35 Mich 191; *Dusar v. Murgatroyd* 1 Wash. 13.

It is unnecessary to discuss the case further.

The judgment must be reversed with costs and a new trial granted.

GRAVES, C. J. concurred.

CAMPBELL, J. I concur in the grounds of reversal.

COOLEY, J. concurred.