EAGAN *v.* EDWARDS.

1. APPEAL AND ERROR—FINDING OF COURT—NONJURY LAW CASE—PREPONDERANCE OF EVIDENCE.

In cases tried without a jury the trial judge is the trier of the facts and may give such weight to the testimony as in his opinion it is entitled to and his finding will not be reversed unless the evidence clearly preponderates in the opposite direction.

2. AUTOMOBILES—PEDESTRIANS—NONJURY CASE—FINDING OF COURT—EVIDENCE.

In pedestrian's action for damages suffered when struck by motorist after midnight in the winter at a "jog" intersection of two city streets, finding of court which tried case without a jury on issues of negligence and contributory negligence are not disturbed on record made.

Appeal from Genesee; Elliott (Philip), J. Submitted April 12, 1940. (Docket No. 112, Calendar No. 41,103.) Decided September 6, 1940.

Case by Merritt E. Eagan against Leonard Edwards for damages for personal injuries sustained when struck by an automobile while crossing a city street. Judgment for plaintiff. Defendant appeals. Affirmed.

*Cook & Stipes* and *Wilson, Hoffman & Davidson,* for plaintiff.

*Guy W. Selby,* for defendant.

BUSHNELL, C. J. Plaintiff, on December 19, 1936, at about 12:30 a.m., was struck by a car owned and driven by defendant. He was then walking west across North Saginaw street in the city of Flint, in the area between East and West Edmund streets. The corner of North Saginaw and Edmund is a "jog" intersection, East Edmund being some distance north of West Edmund.

Plaintiff had gone to a tavern on the west side of North Saginaw street about 11 p.m., where he had two bottles of beer. About an hour later he crossed the street to look at Christmas trees being sold on a vacant lot. He had previously picked out a tree and not finding it started to re-cross the street. He "stood on the curb waiting for traffic to thin out a bit," stepped down, looked south and saw a car coming from the south about 250 feet away. He continued his course, looked to the north and again to the south and again saw defendant's auto about 130 feet away. He looked to the north again, continued walking, and when he looked south again "the car was right on me" when "I was between the curb and the east rail of the street car track."

Defendant testified that he had lived in the city of Flint for many years and was familiar with North Saginaw street and that he was an experienced driver. He said he was driving at about 25 to 26 miles per hour at the time of the accident, was just "cruising along," and liked the solitude of midnight driving alone; that his brakes and lights were good and he could see 150 to 200 feet ahead. He said he did not see the pedestrian before he hit him, and that after the accident the top of the hood of his auto was bent in, the radiator ornament broken off, the grille dented on the right side in front and the front fender had its side dented. He heard glass but did not feel a jolt. He said:

"It looked to me like a big sheet of paper blew over that side of the car. Even after I had struck the man, damaging my car, I didn't think I had struck a man, and thought it was only a piece of paper lopping over my car. I stopped, come behind the car,—in about 5 or 8 feet—and there was the man there. I could not give an idea in feet how far I went after the impact. I stopped reasonably soon."

The case was tried by the court sitting without a jury. Plaintiff, who testified in his own behalf, called the defendant as his witness under the statute (3 Comp. Laws 1929, § 14220 [Stat. Ann. § 27.915]), and produced several other witnesses. Defendant called a gasoline station attendant who said he saw a man standing at the curb south of his station and "the next thing I saw he was in the air."

The trial judge based decision for plaintiff upon two recent cases involving injuries to pedestrians on this same street and under somewhat similar circumstances. *Orme* v. *Farmer,* 268 Mich. 425, and *Burton* v. *Yellow & Checker Cab & Transfer Co.,* 283 Mich. 384. Judgment was entered for plaintiff in the sum of $3,713.30.

The questions raised on appeal are the claims that defendant was not guilty of any negligence which was the proximate cause of the accident, and plaintiff was guilty of contributory negligence as a matter of law and of fact.

"We have repeatedly said in cases tried without a jury that the trial judge is the trier of the facts and may give such weight to the testimony as in his opinion it is entitled to. In such cases we do not reverse unless the evidence clearly preponderates in the opposite direction." *Vannett* v. *Public Service Co.*, 289 Mich. 212, 218.

We find no reversible error. The law of the cited cases was correctly applied by the trial judge.

The judgment is affirmed, with costs to appellee.

SHARPE, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.