HANSON v. ECONOMICAL CUNNINGHAM DRUG STORES, INC.

1. Negligence—Storekeeper Not Insurer of Customer's Safety—
Reasonably Safe Premises Required.
Storekeeper is not insurer of safety of customers, but it is his
duty to use reasonable care to provide reasonably safe place for
them on his premises.

2. Evidence—Nonjury Law Case—Weight of Evidence.
In cases tried without a jury the trial judge is the trier of the
facts and may give such weight to the testimony as in his
opinion it is entitled to.

3. Appeal and Error—Nonjury Law Case—Preponderance of
Evidence.
In reviewing cases tried without a jury the finding of the trial
judge will not be reversed unless the evidence clearly pre-
ponderates in the opposite direction.

4. Negligence—Storekeepers—Customers—Falling Plaster.
In nonjury action at law by customer against storekeeper for
injuries sustained when plaster fell from ceiling while she was
sitting in booth in drug store, Supreme Court is unable to say
that the evidence clearly preponderates in defendant's favor.

5. Damages—Nervousness—Eye Injury.
In action by customer against storekeeper for injuries sustained
when plaster from ceiling fell upon her as she sat in booth in
drug store, judgment for $2,750 for injuries to head and neck
which caused pains, resulted in weakness of muscle supporting
upper lid of an eye, nervous condition, headaches and dizzi-
ness *held*, not excessive.

Appeal from Washtenaw; Sample (George W.),
J. Submitted August 4, 1941. (Docket No. 81, Cal-
endar No. 41,650.) Decided October 6, 1941.

Case by Elsie A. Hanson against Economical
Cunningham Drug Stores, Inc., for personal injuries
sustained on defendant's premises. Judgment for
plaintiff. Defendant appeals. Affirmed.

On question of causation, compare *Hendricks* v. *McCausey*, *doing
business as Lena & Lou, ante*, 161 and annotations thereto.
For rules on duty of possessor of land to business visitors, see 2
Restatement, Torts, § 343 and comment (e).

*Burke & Burke,* for plaintiff.

*Lightner, Crawford, Sweeny, Dodd & Mayer,* for defendant.

BUSHNELL, J.    Defendant appeals from a judgment for plaintiff in the sum of $2,750 rendered by the trial judge sitting without a jury.

Plaintiff is a married woman 42 years of age and at the time of the accident was employed in the ready-to-wear department of Mack's Incorporated, in the city of Ann Arbor, earning $18 a week.  On July 8, 1939, she went into defendant's store in Ann Arbor and while sitting in a booth eating her lunch she was injured by plaster which fell from defendant's ceiling.  She had been in good health for 17 years, but after the accident she had pains in her neck and head and she experienced a weakness of the muscle supporting the upper lid of her left eye. At the time of trial she was still in a nervous condition and complained of headaches and dizziness.

Plaintiff produced as a witness a mason and plasterer of more than 40 years' experience who had in 1936 repaired the ceiling in defendant's store at a point some 55 or 60 feet from where the plaster fell in 1939.  This witness testified that he had to do considerably more work than he expected because other plaster kept falling while he was at work and that the ceiling appeared to be loose and badly cracked in spots.  He admitted that he had examined only the small area upon which he had worked and not the entire ceiling.  The patch he made was about five feet in diameter.  He claimed that at that time he informed some person in charge of defendant's store that the whole ceiling was bad.

Defendant produced testimony showing that the entire ceiling and the walls of its store had been redecorated about one or two months before the ac-

cident. The decorator who was in charge of this work testified that he found the ceiling in good condition and the plasterer who repaired the ceiling after the accident with a patch about three feet in diameter said that the surrounding plaster which he looked at was sound and in good condition.

There is also testimony in the record from which it might be inferred that the falling plaster was caused by blows coming from some construction work being done on the second floor and for which some third person was responsible. Defendant's manager, assistant manager, and a disinterested witness testified to a loud knock or thump overhead just before the plaster fell. Plaintiff's witnesses denied hearing any sounds before the plaster fell.

Appellant argues that plaintiff's claim that defendant was negligent is not supported by a preponderance of the evidence and that the proofs are equally susceptible of an explanation that the causative factor was some third person's negligent conduct. Appellant also urges that the amount of the judgment is excessive.

The applicable rule is stated in *Filipowicz* v. *S. S. Kresge Co.*, 281 Mich. 90, where the court said:

"A storekeeper is not an insurer of the safety of his customers but 'it is his duty to use reasonable care to provide a reasonably safe place for them on his premises.' *Shorkey* v. *Great Atlantic & Pacific Tea Co.*, 259 Mich. 450, and see annotations therein cited. See, also, *Boyle* v. *Preketes*, 262 Mich. 629."

See, also, *Carpenter* v. *Herpolsheimer's Co.*, 278 Mich. 697.

In reviewing a judgment entered by a trial judge sitting without a jury we are limited by the rule laid down in *Jones* v. *Eastern Michigan Motorbuses*, 287 Mich. 619. See discussion beginning at page 643. This rule was recently summarized in *Eagan* v.

*Edwards,* 294 Mich. 260, by the following quotation from *Vannett* v. *Michigan Public Service Co.,* 289 Mich. 212, 218:

" 'We have repeatedly said in cases tried without a jury that the trial judge is the trier of the facts and may give such weight to the testimony as in his opinion it is entitled to. In such cases we do not reverse unless the evidence clearly preponderates in the opposite direction.' "

We are unable to say in the instant case that "the evidence clearly preponderates in the opposite direction." Nor do we find under the testimony that the judgment is excessive. *Watrous* v. *Conor,* 266 Mich. 397.

The judgment is affirmed, with costs to appellee.

SHARPE, C. J., and BOYLES, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.