BURRELL *v.* SCOTT.

1. APPEAL AND ERROR—NONJURY LAW CASE—FINDINGS OF FACT.
    On review of cases heard in the circuit court without a jury the Supreme Court gives consideration to findings made by circuit judge on issues of fact.

2. VENDOR AND PURCHASER—ASSIGNMENT OF LAND CONTRACTS—BACK TAXES—PAYMENT BY VENDOR.
    In summary proceedings brought by assignee of vendor's assignee to recover possession of property which had been sold on land contract, where amount claimed to be due represented sum which vendor had paid in back taxes before his

assignee would purchase the vendor interest and practically all the persuasive evidence supports theory that such payment was not added to amount due under contract but made by vendor under oral agreement with vendees that they would reimburse him, judgment upon such claim would be for defendant purchasers.

3. SAME—ASSIGNMENTS.

Upon the assignment of the vendor's interest in a land contract by the assignees thereof, the second assignees would acquire no greater rights against the holders of the vendee interest than their assignors.

4. APPEAL AND ERROR—REMAND—DETERMINATION OF AMOUNT DUE UNDER LAND CONTRACT—COSTS.

On appeal from judgment for plaintiffs in summary proceedings upon remand of cause with direction to enter judgment for defendants on plaintiffs' claim for back taxes, trial court is ordered to compute amount due plaintiffs for monthly instalments due to date of decision herein, enter judgment accordingly and allow statutory time within which to redeem and permit set-off of defendants' costs on amount due plaintiffs (3 Comp. Laws 1929, § 14988, as amended by Act No. 122, Pub. Acts 1933).

Appeal from Wayne; Sample (George W.), J., presiding. Submitted October 8, 1941. (Docket No. 19, Calendar No. 41,652.) Decided January 6, 1942.

Summary proceedings before circuit court commissioner by Joseph N. Burrell against John D. Scott and others to recover possession of land sold on a land contract. Judgment of restitution. Defendants appealed to circuit court. Judgment for plaintiff. Defendants appeal. Reversed and remanded with directions.

*John W. L. Hicks,* for plaintiff.

*Clarence A. Reid* (*Raymond A. Fox,* of counsel), for defendants.

NORTH, J. Defendant vendees appeal from a judgment of restitution of premises based upon forfeiture of a land contract, which contained the following provision:·

"That if default is made by the purchaser in the payment of any tax assessment  *  *  *  the seller may pay such tax assessment  *  *  *  and any sum or sums so paid shall be a further lien on the land payable by· the purchaser to the seller forthwith with interest at six per cent. per annum."

It is conceded that defendants were in default on May 14, 1940, by reason of unpaid taxes for the years 1937, 1938 and 1939, in the amount of $282. However, it is the contention, of the defendants that this default was cured by them through a payment by the original vendor, Ralph L. Conzelman, on May 14, 1940, and that, such payment was made under an agreement by defendant John Scott to repay Conzelman. The controlling question is whether Conzelman paid the taxes as vendor, as the contract gave him the right; or whether he paid them on behalf of defendants under a separate oral agreement that he should be reimbursed by Scott.

Conzelman paid the taxes under the following circumstances. He wished to exchange his rights as vendor for an equity held in a house and lot by Mr. and Mrs. Frank E. Hunt. They refused to take Conzelman's interest in the land contract while back taxes were unpaid. In order to consummate the exchange, Conzelman thereupon paid the taxes. Though the assignment from Conzelman to the Hunts is dated May 10, 1940, it was held up until after Conzelman paid the taxes. Conzelman paid the money over to the Hunts' attorney, who actually paid the taxes and later gave the .tax receipts to Conzelman.

The Hunts did not attempt to recover the tax payments from defendants; and on September 14, 1940, they deeded the land and made an assignment of their vendors' contract rights to plaintiff, similar to the assignment Conzelman made to the Hunts except for the sum due:

"For a valuable consideration * * * the undersigned hereby sell * * * to Joseph N. Burrell, the assignee, a certain land contract dated October 9, 1936, * * * together with all sums due and to become due thereon and covenants that there is now owing thereon $3,473.25, with interest from August 10, 1940."

On October 4, 1940, plaintiff demanded that defendants pay him as vendor the amount which Conzelman had paid for taxes May 14, 1940. Defendants made out a check for the full amount, payable to Conzelman and Burrell. This was refused by Burrell on the basis that Conzelman was no longer a party; and plaintiff demanded that payment be made to him alone. This defendants refused to do; instead they thereafter paid Conzelman alone, claiming they thereby reimbursed the latter for payment of the taxes.

Defendants claim that there was no assignment of the obligation of the vendees to reimburse Conzelman for two reasons: 1. That there was an independent oral agreement vendees would repay Conzelman if he paid the taxes *for them.* 2. The assignment from Conzelman to the Hunts in effect provided that all there was unpaid on the land contract was the actual amount ($3,562.67 with interest) —thus negativing the idea that the right passed to the taxes which Conzelman had paid. The trial judge found that Conzelman had assigned to the Hunts all his rights, reserving nothing.

While the findings of the circuit judge, who heard the case without a jury, do not set forth a detailed review of the testimony, he seemingly reached the conclusion that plaintiff was entitled to recover on the ground that the amount of the taxes paid by Conzelman became a part of the contract and passed by assignment first to the Hunts and from them to plaintiff. Our review of the record convinces us that the circuit judge was in error in so holding. Neither Mr. or Mrs. Hunt were produced as a witness and therefore their versions of this phase of the transaction between them and Conzelman is not in the record. Mr. Conzelman as a witness for defendant testified in substance to the following facts. That the amount of $3,562.67 specified in his assignment of the vendors' interest in the contract to the Hunts was the amount unpaid on the contract as of April 10, 1940, and that this amount did not include the unpaid taxes; that "Mr. Hunt knew that I had paid these taxes for Mr. Scott;" that Mr. Scott was unable to pay the taxes at the time of Conzelman's assignment to the Hunts and Mr. Scott "agreed to reimburse me if I agreed to pay them at that time." On cross-examination plaintiff's attorney asked Mr. Conzelman:

"*Q.* Mr. Conzelman, did you at any time tell me that you paid those taxes and that upon paying, Mr. Scott was to reimburse you?
"*A.* Exactly it."

Further, the assignment to plaintiff of the vendors' interest in the land contract specifically stated: "there is now owing thereon $3,473.25, with interest from August 10, 1940;" and the sum specified did not include the amount Conzelman had paid for past due taxes.

It may also be noted that it is a fair inference from the record that Conzelman and the Hunts had

fully agreed upon terms under which the latter were to take an assignment of the contract before the question of paying back taxes arose, and that thereafter Conzelman paid the taxes in the amount of $282. Obviously if plaintiff's theory is accepted the result would be that the Hunts would have taken a contract calling for the payment of $282 more than the amount contemplated when their agreement was consummated. This seems highly improbable. Another circumstance which is somewhat persuasive is that notwithstanding these tax payments were made through the attorney who represented the Hunts, still the receipts therefor were turned over by the attorney to Conzelman, not to the Hunts; and Conzelman retained the receipts thereafter.

On review of cases heard in the circuit court without a jury we should and do give consideration to findings on issues of fact made by the circuit judge; but where, as in the instant case, practically all of the persuasive testimony is on one side of a controverted issue of fact justice requires that decision in this Court should be in accord therewith. There is no merit to plaintiff's contention that defendants' claim cannot be sustained without changing the written terms of the land contract by parol testimony. Instead the determinative issue is one of fact as to whether Conzelman paid the taxes under a separate oral agreement with Scott that the latter would reimburse the former for so doing. As indicated above, defendants have in our judgment prevailed on this issue. By his assignment plaintiff acquired no greater rights against defendants than were possessed by the Hunts.

Judgment entered in the circuit court is reversed; and the cause remanded to the circuit court with directions to determine in accordance with our opinion herein the amount due to plaintiff under the land

contract to the date of such determination at the contract rate of $40 per month from and including September 10, 1940, and to enter judgment accordingly, allowing appellants the statutory time within which to redeem. 3 Comp. Laws 1929, § 14988, as amended by Act No. 122, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 14988, Stat. Ann. § 27.1999). Defendants will have costs of all courts, and their taxed costs may be set off against the amount of accrued contract payments as determined.

CHANDLER, C. J., and BOYLES, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.