## HUDSON *v.* ENICHEN.

1. JUDGMENT—NONJURY CASE—COURT RULES.

Court's opinion filed in action tried without a jury in which it was stated that the value of the property converted was a certain sum without setting forth the manner in which such determination was made does not comply with court rule relative to judgments in nonjury actions at law nor inform Supreme Court how trial court arrived at determination made (Court Rule No. 37, § 11 [c] [1933]).

2. EVIDENCE—NONJURY LAW CASE—WEIGHT OF EVIDENCE.

In cases tried without a jury the trial judge is the trier of the facts and may give such weight to the testimony as in his opinion it is entitled to.

3. APPEAL AND ERROR—NONJURY LAW CASE—PREPONDERANCE OF EVIDENCE.

In reviewing cases tried without a jury the finding of the trial judge will not be reversed unless the evidence clearly preponderates in the opposite direction.

4. DAMAGES—INTEREST—CONVERSION—VALUE.

The measure of damages for the conversion of personal property is the value of the property at the time of the conversion with interest, in the absence of any testimony showing a peculiar value in the goods to the owner.

---

Interest as an element of damages for conversion, see 4 Restatement, Torts, § 913.

5. SAME—CONVERSION—VALUE—EVIDENCE.

In action by trustee in bankruptcy to recover the value of certain automobile parts, tools, garage equipment, office furniture and other equipment converted by defendants, testimony regarding transactions in which the title to the property was transferred was admissible in evidence as bearing upon the question of value but was not conclusive as to actual value where such transactions were not cash sales.

6. APPEAL AND ERROR—NEW TRIAL—QUESTION OF DAMAGES—EVIDENCE.

In action for conversion of personalty where conflicting testimony as to value ranged from about $2,000 to $6,000 or more, trial judge's bare determination that it had a value of $1,150 was against the preponderance of the evidence and required a new trial at which additional testimony could be presented by either party solely on issue of value.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted October 13, 1943. (Docket No. 63, Calendar No. 42,526.) Decided February 24, 1944.

Case by Harold G. Hudson, trustee in bankruptcy of Enichen-Cain, Inc., a Michigan corporation, against Albert Enichen and others for conversion of property. Plaintiff appeals from judgment in an amount claimed to be inadequate. Reversed and new trial granted as to value of property converted.

*Fred G. Stanley* and *Don B. Sharpe,* for plaintiff.

*William J. Hover,* for defendants Whitlow.

*Joseph J. Moriarty,* for defendants Enichen.

*William P. Wright,* for defendant Midtown Motor Sales, Inc.

STARR, J. Enichen-Cain, Inc., a Michigan corporation engaged in the garage and automobile sales

business in the city of South Haven, was adjudged bankrupt May 6, 1940. In April, 1941, plaintiff as trustee of said bankrupt began the present suit to recover the value of certain automobile parts, tools, garage equipment, office furniture, and other chattels which, he alleged, defendants had unlawfully converted to their own use. Defendants answered, denying the alleged conversion and plaintiff's right to recover. The trial court, sitting without a jury, determined that defendants had wrongfully converted such property and that it was of the value of $1,150. Plaintiff was granted judgment for that amount against defendants, jointly and severally.

Defendants did not appeal. However, plaintiff has appealed, contending, in substance, that the judgment was inadequate in amount and against the preponderance of the evidence.

A brief resume of the facts regarding defendants' handling of the property is necessary in preface to our discussion of the testimony relative to its value. In January, 1940, Enichen-Cain, Inc. (hereinafter referred to as the company), was in financial trouble and sought assistance from defendant Oliver Whitlow, who owned the building which it occupied as tenant. Whitlow loaned the company $6,000 for which he took a purported chattel mortgage dated January 11, 1940, covering all or substantially all of its personal property not otherwise mortgaged. In April, 1940, Whitlow foreclosed such mortgage and took possession of the property. It appears that in a chancery suit instituted by Whitlow against Hudson, trustee, and others such chattel mortgage was later determined to be void because of defective execution by the company as mortgagor.

On May 6, 1940, the company was adjudged bankrupt. On the same date, May 6th, defendants Albert and Marie Enichen organized and incorporated de-

fendant Midtown Motor Sales, Inc.   On May 7th
Whitlow sold the property in question to defend-
ants Albert and Marie Enichen, personally, for
$6,000 and took back a chattel mortgage as security.
On the same date, May 7th, the Enichens sold the
property which they had acquired from Whitlow
to said Motor Sales, which issued $5,000 in amount
of its stock to the Enichens and assumed the $6,000
mortgage to Whitlow.

Plaintiff presented no testimony as to the value
of the property converted.   Defendant Whitlow tes-
tified that he did not know the "actual value" of
the property in May, 1940.   He further said:

"On January 11, 1940, I was familiar with the
property of the corporation.   *   *   *   I told Mr.
Enichen at that time that I felt that the property
was of value sufficient to stand this $6,000 mortgage.
*   *   *

"In April of that same year I took possession but
it stayed right there in my building, continued to
be used by the garage.   *   *   *

"I sold this same equipment to Enichen and his
wife.   The consideration for that sale was $6,000."

Defendant Albert Enichen, who was an officer of
the bankrupt company and one of the organizers of
defendant Midtown Motor Sales, testified in part:

"Q.   Of what did the assets consist in April, 1940,
in the way of physical property at the time that
Whitlow was to come in and take it over under his
mortgage?

"A.   What parts were left; practically no acces-
sories;   and   *   *   *   just   various   jacks   and
sunken hoists in the garage and built-in spray booth
and a few things like that.   No used cars.

"Q.   Now in April and May, 1940, what do you
say would have been the value of what was left of
that property   *   *   *   on the market to sell for
cash?

"*A.*   Oh, probably from two to three thousand at the most.   *   *   *

"It was worth more to leave it where it was if that could be arranged, because it was a going business and to operate with it naturally it is worth more. *   *   *

"The parts and equipment could not be sold for more than two or three thousand dollars, and this was based upon the theory of a forced sale.   *   *   * In fixing these values of two to three thousand dollars I gave no consideration to the possibility of being continued as a going business.   *   *   *

"*Q.*   *   *   *   This equipment which was transferred to the corporation Midtown Motors cost that corporation $11,000, didn't it?   *   *   *   That was the cost to the corporation that assumed a mortgage of $6,000 and issued $5,000 worth of their stock—is that right?

"*A.*   Yes."

A representative of the finance company which had held a chattel mortgage on the property in question until about January 11, 1940, testified regarding the value of the property in part as follows:

"I would say that we couldn't have gotten more than $2,500 or possibly $3,000 for it if we had foreclosed.   *   *   *

"There was not as much stock on hand as when we made the loan (in August, 1939).   *   *   *

"The valuation of $2,500 to $3,000 that I speak of would be as of the latter part of November or December (1939)."

A garage man who was familiar with the property and who inventoried and appraised it May 2, 1940, testified, in effect, that it was worth about $2,000.

In pursuance of Court Rule No. 37, § 11(c) (1933), plaintiff requested the trial court to file opinion setting forth "the substance of the judgment with a concise statement of his reasons therefor, and *   *   *   the manner in which he has determined the

amount.'' The court's opinion stated only that ''the value of the property converted was $1,150,'' and granted plaintiff judgment for that amount. Such opinion does not comply with the court rule or inform us in which manner or by what process of deduction or reasoning the court arrived at the determined value of $1,150.

In reviewing a judgment entered by a trial court sitting without a jury, we examine the record to ascertain whether or not the findings are against the preponderance of the evidence. In *Hanson* v. *Economical Cunningham Drug Stores, Inc.,* 299 Mich. 434, we said:

''In reviewing a judgment entered by a trial judge sitting without a jury we are limited by the rule laid down in *Jones* v. *Eastern Michigan Motorbuses,* 287 Mich. 619. See discussion beginning at page 643. This rule was recently summarized in *Eagan* v. *Edwards,* 294 Mich. 260, by the following quotation from *Vannett* v. *Michigan Public Service Co.,* 289 Mich. 212, 218:

'' 'We have repeatedly said in cases tried without a jury that the' trial judge is the trier of the facts and may give such weight to the testimony as in his opinion it is entitled to. In such cases we do not reverse unless the evidence clearly preponderates in the opposite direction.' ''

See, also, *Flat Hots Co., Inc.,* v. *Peschke Packing Co.,* 301 Mich. 331.

In the present case we are confronted with the trial court's opinion determining the value of the property converted to be $1,150 and by conflicting testimony which variously estimates the value to be from about $2,000 to $6,000 or more. In view of such testimony showing a minimum value of about $2,000, we are at a loss to understand how the trial court arrived at a value of $1,150.

Plaintiff was entitled to recover the actual value of the property at the time it was converted. In 2 Sedgwick on Damages (9th Ed.), p. 950, § 493, it is stated:

"In an action for the conversion of personal property, the measure of damages is the value of the property at the time of the conversion, with interest."

In the case of *Hautala* v. *Dover,* 176 Mich. 366, 371, we said:

"The measure of damages in a trover case is the true cash value of the property converted at the time and place of conversion, in the absence of any testimony showing a peculiar value in the goods to the owner."

See *Maycroft* v. *The Jennings Farms,* 209 Mich. 187; *Tuttle* v. *White,* 46 Mich. 485 (41 Am. Rep. 175); *Ripley* v. *Davis,* 15 Mich. 75 (90 Am. Dec. 262); *Ingram* v. *Rankin,* 47 Wis. 406 (2 N. W. 755, 32 Am. Rep. 762); *Clarion Bank* v. *Jones,* 21 Wall. (88 U. S.) 325 (22 L. Ed. 542); 4 Sutherland on Damages (4th Ed.), p. 4209, § 1109.

No cash sale of the property was made from which its actual value might be determined. The testimony regarding the chattel mortgage to Whitlow for $6,000, the sale to the Enichens for $6,000, and the sale to Midtown Motor Sales for $5,000 in stock and assumption of the Whitlow mortgage, was admissible in evidence as bearing upon the question of value but was not conclusive as to the actual value of the property at the time of its conversion.

As the testimony indicates a minimum value of about $2,000, we are obliged to hold that the trial court's determination of a value of $1,150 was against the preponderance of the evidence.

The judgment is set aside. A new trial is granted only on the disputed issue relative to the value of the property converted. Either party may present additional testimony as to such value. Plaintiff shall recover costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.