*In re* SHOWERS' ESTATE.

CLAIM OF EGGERT.

1. Appeal and Error—Nonjury Case—Review—Evidence.
   In reviewing an action, tried without a jury, the Supreme Court does not reverse unless the evidence preponderates in the opposite direction.

2. Estates of Decedents—Claim for Rent—Evidence.
   In claimant's proceeding against estate of her deceased sister, with whom she had lived, for rent collected by sister's husband and turned over to decedent, wherein trial judge, sitting without a jury, determined plaintiff was not entitled thereto, evidence, especially restricted by plaintiff's inability to testify as to matters equally within knowledge of deceased *held*, not to preponderate in opposite direction (3 Comp. Laws 1929, § 14219).

3. Costs—Briefs.
   No costs are allowed appellee upon affirmance of judgment, where it failed to file a brief on appeal.

Appeal from Saginaw; Holland (Robert T.), J. Submitted April 7, 1948. (Docket No. 25, Calendar No. 44,005.) Decided May 18, 1948.

In the matter of the estate Anna G. Showers, deceased. Martha Eggert presented her claim. Judgment for the estate. Plaintiff appeals. Affirmed.

*Ryan, Doozan & Scorsone,* for plaintiff.

Bushnell, C. J. This is an appeal by Martha Eggert from an order of the circuit court for the county

References for Points in Headnotes
[1] 3 Am. Jur., Appeal and Error, §§ 817, 900, 901.
[3] 14 Am. Jur., Costs, § 92.

of Saginaw, denying the claim which she filed against the estate of her sister, Anna G. Showers, deceased. This claim, which was also denied in the probate court, was for "rent collected belonging to claimant from August 1940 to September 1945 at $54 per month, $3,294."

The facts as stated in the circuit judge's opinion, and his reasons for denying the claim, are as follows:

"The claim is based on the rental of certain premises located on Williamson and Gallagher streets in the city of Saginaw alleged to have belonged to the claimant. Claimant and the decedent, Anna Showers, were sisters, resided together and apparently lived with one another in amity. It is undisputed that Arthur C. Showers, husband of the decedent, collected the rentals for a number of years and turned them over to his wife, but there is no competent testimony as to what disposition Mrs. Showers made of the rentals. There is a fragment of testimony indicating that Mrs. Showers was engaged in the furnishing of criminal bonds and at times prospered in that business. There is also testimony indicating that she ceased the business in the early 1940's because of the forfeiture of one of her bonds because of the failure of her client to appear in the Federal court when the case was called. There is also a fragment of testimony indicating that there was an arrangement between the decedent and claimant whereby she was to pay a small amount for board, to receive a small amount per year for clothing and to render household services to the decedent. There is evidence also that claimant was in ill health during a portion of the period during the years 1940 to 1945 inclusive. How much of the rentals received were devoted to the payment of taxes, upkeep of premises and the like does not appear. There is also fragmentary testimony indicating that the title to the premises was, during a large part of the alleged rental period, vested in the decedent. This title was

apparently changed so that the claimant and decedent became joint tenants with the right of survivorship and two of the parcels were sold and the entire proceeds arising from the sale were admittedly turned over to the claimant."

Claimant was handicapped by the Statute (3 Comp. Laws 1929, § 14219 [Stat. Ann. § 27.914]), which forbids the testimony of the opposite party as to matters equally within the knowledge of the deceased.

The property in question is designated in the record as "910 Williamson street, 836 Williamson and 808 Gallagher." Claimant still owns the property at 910 Williamson, and was living in it at the time of trial.

The cause was determined by the trial judge sitting without a jury. In such instances, "we do not reverse unless the evidence clearly preponderates in the opposite direction," *Hanson* v. *Economical Cunningham Drug Stores, Inc.*, 299 Mich. 434, 437. Examination of the testimony does not show that the evidence does so preponderate.

The order denying Martha Eggert's claim is affirmed, but without costs, no brief having been filed by the estate.

SHARPE, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.