COLUMBUS PIPE & EQUIPMENT CO. *v.* SEFANSKY.

1. APPEAL AND ERROR—NONJURY CASE—FINDINGS—PREPONDERANCE
OF EVIDENCE.

 The Supreme Court will not disturb the findings of the lower
court in a nonjury case, where that court had an opportunity
to hear the witnesses testify and observe their demeanor on the
stand, except where the testimony clearly preponderates against
the finding of the lower court, since the lower court would
normally be in a better position to judge the truth of the
testimony than the Supreme Court.

2. FRAUD—PRESUMPTIONS—EVIDENCE.

 Fraud will not be presumed, but must be proved.

3. SAME—ELEMENTS—BURDEN OF PROOF.

 The plaintiff in an action of fraud has the burden of proving
with a reasonable degree of certainty all of the elements of
actionable fraud, namely, that a material representation was
made by defendant that was false and he either knew it to
be so at the time made or made it recklessly as a positive
assertion without any knowledge of its truth, and that he
made it with the intention it should be acted upon by plaintiff,
that plaintiff did act upon it and thereby suffered damage.

4. SAME—RELIANCE ON REPRESENTATION AS TO AGENCY—EVIDENCE.

 Evidence, presented in action for fraud for balance due on
carload of water pipe, failed to show plaintiff relied on de-
fendant's claimed fraudulent representation that he was an
agent of a construction company which was installing the
pipe, when plaintiff released shipment which, through error,
had not been sent with sight draft attached as had previous
shipments.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 896 *et seq.*
[2] 24 Am Jur, Fraud and Deceit § 256.
[3] 24 Am Jur, Fraud and Deceit §§ 262–265.
[4] 24 Am Jur, Fraud and Deceit § 264.

5. APPEAL AND ERROR—REMAND—FRAUD—ASSUMPSIT.

Remand of case on reversal for failure to sustain burden of proof as to an element of fraud involved in action for balance due on carload of water pipe is made without prejudice to plaintiff's right to bring an assumpsit action.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted April 16, 1958. (Docket No. 92, Calendar No. 47,422.) Decided June 11, 1958.

Case by Columbus Pipe & Equipment Company, an Ohio corporation, against David Sefansky based on fraud for value of goods sold and delivered. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Samuel H. Rubin* and *Morton C. Goldberg* (*Phyllis Rubin*, of counsel), for plaintiff.

*William I. Liberson* and *George H. Cross*, for defendant.

KAVANAGH, J. Plaintiff instituted this tort action, founded in fraud, against defendant. In a trial in the circuit court without a jury the court rendered a judgment in fraud for the plaintiff against the defendant in the sum of $3,879.68 plus interest in the sum of $301.

Defendant appeals to this Court, claiming the circuit court erred in holding that all the elements of actionable fraud had been proven by the plaintiff by a preponderance of the evidence.

Defendant, David Sefansky, in July, 1955, was engaged in the development of land for building purposes in the Detroit area. He was confronted with the lack of water and sewer pipe available in Detroit, and began looking for other sources of supply. A contact furnished plaintiff's name as a company that would be able to supply such pipe. Defendant, after

oral negotiations with plaintiff, ordered the desired pipe in writing. In this letter ordering the pipe was enclosed a check in the amount of $24,344.40, being 1/2 of the total contract price. The letter was on the letterhead of David Sefansky, defendant herein, and read as follows:

"July 29, 1955
"Columbus Pipe & Equipment Company
"Columbus, Ohio
"*Gentlemen:*
"Please accept this as a purchase order for the following quantities of water pipe:
    "7,419 lineal feet of 8 inch
    Class 150 cast iron mechanical
    joint (your WWP 421)
                (a) $2.79 per ft. $20,699.01
    "14,578 lineal feet of 6 inch
    Class 150 cast iron mechanical
    joint (your WWP 421)
                (a) $1.92 per ft.   27,989.76

              Total price ........ $48,688.77

"Delivery to be as follows—8-inch to be shipped at once; 6-inch pipe to follow within 2 weeks. Order to be completed within 30 days of above date.
"The pipe is to be delivered to 'Winshall Villa' subdivision which is located 1/4 mile west of Gratiot avenue on 15 Mile road, Clinton township, Michigan, to the attention of Tullio Marrocco Construction Company.
"Enclosed herewith is check in the amount of $24,344.40. Balance is to be billed to Tullio Marrocco Construction Company, 16073 Bell avenue, East Detroit, Michigan.
"Thank you for your courtesy and co-operation.
              "Sincerely,
              /s/ DAVID SEFANSKY
              David Sefansky"

Plaintiff made several shipments of pipe, with sight drafts attached, directed to Tullio Marrocco Construction Company (contractor installing pipe), which drafts were paid as presented by the defendant, David Sefansky. The last carload was shipped without sight drafts, in error, and could not be delivered. Plaintiff, after a telephone conversation with defendant, released said car to the defendant. The telephone conversation was immediately confirmed by letter from the plaintiff, stating, in substance, as follows:

"Dave, I am personally responsible for releasing this car to you, although I was told not to release this car until payment was received. Personally I felt that our relations had been very satisfactory in the past, and I felt certain that you would treat me in the same way."

The balance due on this last carload was never paid. Defendant claimed that before payment he should be given credit for certain shipping charges. This plaintiff denied. Hence, plaintiff eventually brought this suit in fraud, claiming: that defendant made a material representation to plaintiff; that it was false; that when defendant made it he knew that it was false; that he made it with the intention that it should be acted upon by plaintiff; that plaintiff acted in reliance upon it, and that he thereby suffered injury. Plaintiff alleges that defendant's representation that he was an agent for a disclosed principal, and that they should bill him for the balance, was a material representation, and that it was false by reason of the fact that there was no principal except Sefansky. Plaintiff further alleges that Tullio Marrocco Construction Company never authorized Sefansky to act for them; that he never had authority to act for them; that he had no authority to write such a letter; that Sefansky admits that when he

made this representation he knew that it was false; that he admits that he was misleading the plaintiff; that he admits that he had no authority to act for anybody, let alone the Tullio Marrocco Construction Company. It is plaintiff's claim that it acted in reliance upon such representation by obtaining a Dunn and Bradstreet report on Tullio Marrocco Construction Company, and thereafter set up a ledger account in the name of Tullio Marrocco Construction Company, finally sending statements to that company; that as a result of the failure of the last carload to be paid they have been damaged.

This Court has stated many times the proposition that it will not disturb the findings of the lower court who had the opportunity to hear the witnesses testify, observe their demeanor on the stand, and who certainly, normally, would be in a better position to judge the truth of their testimony than this Court, excepting in the instances where the testimony clearly preponderates against the finding of the lower court. *Jones* v. *Eastern Michigan Motorbuses,* 287 Mich 619; *Eagan* v. *Edwards,* 294 Mich 260; *Mahoney* v. *Lincoln Brick Co.,* 304 Mich 694; *Green* v. *Woods,* 325 Mich 649; *Moller* v. *Sirhal,* 342 Mich 391; *Zarecki* v. *Hatch,* 347 Mich 138 (62 ALR2d 284).

The doctrine is well established that fraud will not be presumed, but must be proved. *Robert* v. *Morrin Estate,* 27 Mich 306; *Brown* v. *Dean,* 52 Mich 267; *Raymond* v. *McKenna,* 147 Mich 35; *Krolik* v. *Lang,* 187 Mich 286; *Steele* v. *Shaffer,* 241 Mich 632; *Richard* v. *Detroit Trust Co.,* 269 Mich 411; *Achenbach* v. *Mears,* 272 Mich 74; *Rossman* v. *Hutchinson,* 289 Mich 577; *John Heidsik Co.* v. *Rechter,* 291 Mich 708.

The burden of proof rests upon plaintiff to show actionable fraud, the elements of which have been stated in a number of cases, particularly in *Candler* v. *Heigho,* 208 Mich 115, 121, which case, with the citations therein, was cited with approval in the case

of *Waldbauer* v. *Hoosier Casualty Co.,* 285 Mich 405. Also, see *Marshall* v. *Ullmann,* 335 Mich 66, 73. Those elements are: (1) that a material representation was made; (2) that it was false; (3) that the party making it knew that it was false at the time he made it, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these elements must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery.

In the instant case there is a complete lack of proof with reference to several of the elements necessary to be proven by plaintiff in order to establish a judgment in fraud. If it is admitted that the letter constituted a representation that defendant was an agent of the Tullio Marrocco Construction Company, that such representation was false, and that defendant knew it was false at the time it was made, the testimony in the appendices and in the complete record fails to disclose any reliance upon such representation by plaintiff. All carloads, with the exception of the last one, were shipped with bill of lading attached to sight draft. No credit was extended, no pipe could be delivered until paid for, therefore no reliance upon the representation was made by plaintiff, and as to all of these shipments no damage resulted. As to the last shipment, which is the subject matter of this suit, no reliance upon the representation by defendant in regard to his agency with the Tullio Marrocco Construction Company is indicated. By telephone and confirmed by letter Mr. Eberst of plaintiff's company stated, in substance, as follows:

"Dave, I am personally responsible for releasing this car to you, although I was told not to release this car until payment was received. Personally I felt that our relations had been very satisfactory in the past, and I felt certain that you would treat me in the same way."

It is apparent from the testimony with reference to the telephone conversation and the confirmed letter that plaintiff did not rely, with reference to this last carload shipment, upon the Tullio Marrocco Construction Company for payment, but looked to defendant Sefansky for payment. It would appear therefore that the preponderance of the evidence indicated a failure of plaintiff to carry the burden of proof so as to establish an action in fraud, for which he was entitled to a judgment.

There was no testimony in the record that the lower court could have relied upon in support of its findings. The findings of the trial court being against the clear preponderance of the evidence, the judgment appealed from should be set aside. *Burrell* v. *Scott,* 300 Mich 385; *Brooks* v. *Flint Furniture Mart,* 342 Mich 419.

The judgment is reversed, and the case is remanded for entry of a judgment of no cause of action, without prejudice to the plaintiff's right to bring an assumpsit action against defendant. Costs in favor of appellant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.