KRAUS *v.* ARTHUR MURRAY STUDIOS
OF MICHIGAN, INC.

1. FRAUD—REMEDY.
   One of the remedies for fraud is a suit for damages caused by
   the fraud.

2. SAME—QUESTION OF FACT.
   Fraud is a question of fact to be deduced from all the circum-
   stances.

3. SAME—EVIDENCE—PREPAYMENTS FOR DANCING LESSONS.
   Evidence adduced in student's nonjury action against dance studio
   to recover prepayments for dancing lessons she did not receive
   because of ill health, *held,* to sustain trial court's finding of
   fraud.

4. SAME—FINDING OF TRIAL COURT—PREPONDERANCE OF EVIDENCE.
   Trial court's finding of fraud in student's nonjury action against
   dance studio to recover prepayments for dancing lessons she
   did not receive because of ill health must be sustained, where
   it cannot be said to be against the clear preponderance of the
   evidence.

5. SAME—FINDING OF TRIAL COURT—PREPONDERANCE OF EVIDENCE—
   PREPAID DANCING LESSONS.
   Trial court's finding that plaintiff was prevented from completing
   her lessons at defendant's dance studio by reason of her
   physical condition is sustained in her nonjury action to recover
   prepayments made for such lessons, where it cannot be said to
   be against the preponderance of the evidence in action for
   fraud.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur, Fraud and Deceit § 198 *et seq.*
[2] 24 Am Jur, Fraud and Deceit § 291 *et seq.*
[3–5] 24 Am Jur, Fraud and Deceit § 278 *et seq.*
[6] 24 Am Jur, Fraud and Deceit § 217.
[7] 24 Am Jur, Fraud and Deceit § 238.

6. SAME—DAMAGES—PREPAID DANCING LESSONS.

> The proper measure of damages in action of fraud for recovery of prepayments for dancing lessons not received is the amount paid for such lessons.

7. INTEREST—PREPAID DANCING LESSONS—DEMAND.

> Interest at 5% is payable on amount to which plaintiff is entitled to recover for prepayments made for dancing lessons, which were not received because of her physical condition, from date of demand, here the date when suit was commenced, until entry of amended judgment in the trial court.

Appeal from Common Pleas Court of Detroit; Kent (George D.), J.   Submitted Division 1 November 4, 1965, at Detroit.   (Docket No. 485.)   Decided December 20, 1965.

Complaint by Mayme Kraus against Arthur Murray Studios of Michigan, Inc., a Michigan corporation, for money fraudulently retained from plaintiff.   Judgment for plaintiff.   Defendant appeals.   Affirmed, as amended.

*Daniels & Weiner* (*James M. Weiner,* of counsel), for plaintiff.

*Darden, Neef & Heitsch* (*Allen Neef,* of counsel), for defendant.

QUINN, J.   Plaintiff filed this action in the common pleas court for the city of Detroit to recover money prepaid to defendant for dancing lessons she did not receive because of her ill health.   She claims she was induced to prepay defendant by the representations of defendant's agents that unused prepayments would be refunded in the event plaintiff's health prevented her from taking lessons even though the written contracts clearly stated refunds would not be made.   Plaintiff further claimed the representations were false and were known by de-

fendant's agents to be false. Defendant denied the alleged representations and claimed it owed plaintiff nothing under the terms of the contract. The trial court sitting without a jury found for plaintiff and defendant appeals.

In spite of six questions posed by defendant in its brief and a counterstatement of question involved by plaintiff, this Court believes there are only three issues presented, namely:

1. Does the record establish a case of actionable fraud?

2. Does the record establish that plaintiff was physically unable to complete the dancing lessons?

3. Are the damages properly computed?

July 22, 1953, at age 57, plaintiff commenced her dancing career with defendant. From that date to November 12, 1959, she signed 12 separate agreements for dancing lessons from defendant. These agreements entitled her to 435 hours of lessons, and she paid $3,858.75 to defendant. Defendant's records show plaintiff has paid for 62 hours of lessons she has not used. If plaintiff had completed all of her lessons, she would have been entitled to 20 hours of bonus lessons. The uncontradicted and unobjected to testimony of plaintiff establishes that she continued to sign agreements for more lessons on the continued assurances of defendant's agents that in the event of her illness, defendant would refund the unused portion of prepayments in spite of the provisions in the agreements to the contrary. The only evidence to establish plaintiff's physical inability to complete the lessons was her testimony.

One of the remedies for fraud is a suit for damages caused by the fraud. *Kordis* v. *Auto-Owners Insurance Co.* (1945), 311 Mich 247. This is the remedy plaintiff selected. Fraud is a question of fact to be deduced from all the circumstances. *Cort-*

*land Manufacturing Company* v. *Platt* (1890), 83 Mich 419. There is evidence in the record to sustain the trial court's finding of fraud, and it cannot be said such finding is against the clear preponderance of the evidence. The finding of fraud must be sustained. *Shaw* v. *Wiegartz* (1965), 1 Mich App 271. The same authority requires us to sustain the finding of the trial court that plaintiff's physical condition prevented her from completing the lessons.

With respect to damages, it is our opinion that the proper measure thereof is the amount plaintiff paid for lessons not received. This is readily computed. It includes 25 hours contracted for November 12, 1959, at a price of $337.50; 30 hours contracted for September 26, 1959, at a price of $403.50; and 7 of the 20 hours contracted for April 5, 1958, at the rate of $13.45 per hour, or $94.15. This totals $835.15. Plaintiff is entitled to interest at 5% on this sum; the problem is from when? The transcript does not establish the date of plaintiff's demand for refund. The only positive date on which to commence the computation of interest is the date on which suit was filed, namely: September 26, 1963.

The trial court is affirmed except as to amount of judgment, and the cause is remanded for entry of judgment for plaintiff in the amount of $835.15 plus interest on that sum at 5% per annum from September 26, 1963, to date of entry of the amended judgment in the lower court. Appellee may recover costs.

LESINSKI, C. J., and WATTS, J., concurred.