SMITHSON *v.* LEONARD REFINERIES, INC.

Fraud—Elements.
Proof of actionable fraud requires a plaintiff to show that (1) the defendant made a material representation, known by him to be false or made recklessly as a positive assertion without any knowledge of its truth, (2) the representation was made with the intention that the plaintiff act upon it, and (3) the plaintiff did act upon the representation and thereby suffered damage.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 March 5, 1971, at Lansing. (Docket No. 6690.)  Decided March 30, 1971.

Complaint by Orla C. Smithson and Mildred Mae Smithson against Leonard Refineries, Inc., and The Michigan Bank to set aside a mortgage or to deliver mortgage proceeds to the plaintiff.  Judgment of no cause of action for defendants.  Plaintiffs appeal. Affirmed.

*Frank L. Talkow,* for plaintiffs.

*Walter G. Krapohl* and *Bethel B. Kelley,* for defendants.

Before:  R. B. Burns, P. J., and J. H. Gillis and T. M. Burns, JJ.

Reference for Points in Headnote
33 Am Jur 2d, Fraud and Deceit § 12 *et seq.*

PER CURIAM. Plaintiff Orla C. Smithson was engaged in the distribution of petroleum products in Genesee County for many years. Among the products distributed were those of the defendant Leonard Refineries, Inc. Prior to the transaction in this action, plaintiff had turned the operation of his business over to his son, while retaining the title to the real estate upon which the business was located.

Plaintiff's son encountered difficulties and became indebted to defendant Leonard Refineries and others. After a series of meetings a plan was devised to aid the son so that he could continue in business and reestablish his lost credit. As a part of that plan, and that which is pertinent to the instant proceeding, plaintiffs agreed to mortgage the business premises and execute a long-term lease of the premises to Leonard Refineries. Plaintiffs also assigned the mortgage proceeds to Leonard, to be disbursed by them according to a prearranged schedule.

The entire transaction was consummated in February of 1961. In February of 1967 this action was filed, claiming fraud on the part of both defendants and asking that the mortgage be set aside or the mortgage proceeds be delivered to plaintiffs. At the close of plaintiffs' proofs defendants moved for judgment on the merits pursuant to GCR 1963, 504.2.[1] The court entered a judgment of no cause of action and rendered its written findings of fact and law pursuant to GCR 1963, 517. From that adverse determination plaintiffs have taken this appeal.

The elements of actionable fraud are well established under Michigan law. The burden is placed

---

[1] Under this court rule the defendant may "move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief".

on the plaintiff to show that a material representation was made by the defendant that was false and that the defendant either knew it was false or made such representation recklessly as a positive assertion without any knowledge of its truth, that the representation was made with the intention that it should be acted upon by the plaintiff, and that the plaintiff did act upon it and thereby suffered damage. *Candler* v. *Heigho* (1919), 208 Mich 115, 121; *Columbus Pipe & Equipment Company* v. *Sefansky* (1958), 352 Mich 539, 544; *Reinink* v. *VanLoozenoord* (1963), 370 Mich 121.

In an action of fraud tried before a court sitting without a jury, the appellate courts must sustain that court's conclusions where they cannot be said to be against the clear preponderance of the evidence. *Kraus* v. *Arthur Murray Studios* (1965), 2 Mich App 130; GCR 1963, 517.1.[2] On the record presented we cannot say that the trial court's finding was against the clear preponderance of the evidence. The failure of the plaintiffs to carry the requisite burden is apparent from the testimony taken; the trial court's findings thus cannot be disturbed on appeal.

Affirmed. Costs to defendants.

---

[2] This Court also accepts the trial court's findings of fact as they are not "clearly erroneous". See GCR 1963, 517.1; *Tann* v. *Allied Van Lines, Inc.,* (1966), 5 Mich App 309.